IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SARAH MARGARET TAYLOR, | ) | CIVIL NO. 15-00265 SOM/KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER DISMISSING COMPLAINT AND |
| | ) | DENYING AS MOOT PLAINTIFF'S |
| LESTER K LEU; ANDREW LEE; LEU | ) | REQUEST FOR INJUNCTIONS |
| OKUDA & DOI; | ) | |
| | ) | |
| PITE DUNCAN, LLP; ANNA T. | ) | |
| VALLIENTE; DAVID E. | ) | |
| McALLESTER; | ) | |
| | ) | |
| CHRISTIAN FENTON; | ) | |
| | ) | |
| SUSAN FENTON; | ) | |
| | ) | |
| STATE OF HAWAII; THIRD | ) | |
| CIRCUIT COURT FOR THE | ) | |
| DISTRICT OF HAWAII; | ) | |
| | ) | |
| UNITED STATES DISTRICT COURT | ) | |
| FOR THE DISTRICT OF HAWAII; | ) | |
| | ) | |
| WELLS FARGO, NA, aka | ) | |
| AMERICA'S SERVICING COMPANY; | ) | |
| | ) | |
| ASSURANT SPECIALTY PROPERTY, | ) | |
| aka WELLS FARGO NA AS STORM | ) | |
| INSURER; | ) | |
| | ) | |
| US BANK NATIONAL ASSOCIATION | ) | |
| AS TRUSTEE FOR STRUCTURED | ) | |
| ASSET SECURITIES CORPORATION | ) | |
| MORTGAGE PASS-THROUGH | ) | |
| CERTIFICATE, SERIES 2006-NC1 | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DISMISSING COMPLAINT
AND DENYING AS MOOT PLAINTIFF'S REQUEST FOR INJUNCTIONS**

I.        **INTRODUCTION.**

This case arises out of an ongoing state-court foreclosure proceeding.  Plaintiff Sarah Margaret Taylor appears to include as Defendants all persons and entities having anything to do with that proceeding.  Although Taylor complains generally about being discriminated against and has clearly asserted that she was deprived of electricity in a way that jeopardized her health and well-being, the court cannot determine what she is claiming each Defendant did wrong.  The court therefore dismisses the Complaint and denies as moot Taylor's request for injunctions.  The court gives Taylor leave to file an Amended Complaint.  This means that this case is not yet over.  Taylor may file a document bearing the title "Amended Complaint" that sets forth amended claims as described later in this order.

The court also gives Taylor permission to file documents via e-mail, as described later in this order.

II.       **BACKGROUND FACTS.**

The court takes judicial notice of the proceeding and pleadings in the state-court foreclosure case.  U.S. Bank National filed a complaint seeking foreclosure on Taylor's mortgage.  See 3CC 14-1-000289, ECF No. 7-3, PageID # 154; http://hoohiki1.courts.state.hi.us/jud/Hoohiki/JSAPM51F5.jsp?star tseq=1 (last visited December 4, 2015) (state-court docket indicating the foreclosure complaint was filed on July 31, 2014).

On January 16, 2015, Taylor removed the state foreclosure action to this court.  See Notice of Removal, Civ. No. 15-00018 DKW/KSC.  The removed action, which preceded the present action, was assigned to Judge Derrick Watson.  According to the federal court docket in Judge Watson's case, on February 25, 2015, Taylor sent the court a motion via fax or e-mail. Judge Watson told Taylor in a Minute Order:

> Filings may not be made through chambers, and certainly not via email or fax.  The Court forwarded the document to the clerk's office for filing in this instance as a courtesy. However, in the future, no such courtesy will be extended.  Defendant, like all other parties, must submit all documents she wishes to file directly to the clerk's office (over the counter or via mail).  Local Rule 10.2(k) ("No document may be filed by faxing to the clerk's office unless the filing party has first obtained leave to do so from the judge to whom the filing is addressed, or, if no judge has been assigned to a matter, from the clerk. Leave will [be] granted only for good cause.").  Although Defendant is proceeding pro se, she is nevertheless expected to comply with all rules and statutes.  Local Rule 83.13.

Civ. No. 15-00018 DKW/KSC, ECF No. 14.  The Minute Order denied the merits of Taylor's motion, which asked for an extension of time to pay the applicable filing fee or to submit an amended In Forma Pauperis application.  Judge Watson reasoned that the Magistrate Judge assigned to the case had already issued Findings and a Recommendation to remand the case to state court and that

the deadline Taylor sought to extend had already been vacated.
Id.

On March 10, 2015, Judge Watson adopted findings and a
recommendation to remand the foreclosure proceedings to state
court.  Civ. No. 15-00018 DKW/KSC, ECF No. 15.

The state-court foreclosure proceedings are still
ongoing.  See 3CC 14-1-000289, ECF No. 7-3, PageID # 154;
http://hoohiki1.courts.state.hi.us/jud/Hoohiki/JSAPM51F5.jsp?star
tseq=1 (last visited December 4, 2015) (state-court docket).

On July 14, 2015, Taylor filed the present action,
naming as Defendants the lender foreclosing on her mortgage in
state court, the attorneys representing the lender, the State of
Hawaii, the Third Circuit Court for the State of Hawaii, and this
court.  See ECF No. 1.  In the Complaint's caption, Taylor also
listed "Assurant Specialty Property aka (WELLS) WELLS FARGO, NA
AS STORM INSURER," as a party, but it is not clear from the
Complaint whether Taylor is asserting a claim directly against
Assurant or against Wells Fargo as Assurant's designee or agent.
Id.

Although the Complaint contains few factual
allegations, it says in its caption that it is asserting claims
of (1) disability discrimination; (2) torture; (3) conspiracy to
torture to take home and employment through blocking civil
rights; (4) violations of Hawaii rules of professional conduct

4

relating to "candor"; (5) violation of foreclosure mediation laws; (6) deception of courts; (7) storm policy fraud; (8) failure of Hawaii courts, the State and the County of Hawaii, and the mayor to preserve federal ADAAA, FHA, EEOC, EECC rights and many federal and state laws; (9) failure to provide equal access to federal courts and protections by providing no avenue for timely filing; (10) violation of rights to rehabilitation and employment opportunities; (11) robotic loan servicing in violation of the ADAAA; (12) fraud on the bureau of conveyances; (13) deceptive lending, servicing accounting, and loan modification in violation of the U.S. Constitution; (14) failure to provide law enforcement relating to the bureau of conveyances; and (15) violation of the U.S. Constitution.  Id.

**III.     RULE 12(b)(6) STANDARD.**

Although the motions to dismiss and joinders therein raise jurisdictional issues, this court examines them under Rule 12(b)(6) of the Federal Rules of Civil Procedure because Taylor's references to violations of federal law at least suggest federal question jurisdiction and because the court cannot begin to analyze any jurisdictional issue without first understanding Taylor's claims.

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court's review of the sufficiency of a complaint is generally limited to the contents of the complaint.  Sprewell v.

Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001);

Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996).  If

matters outside the pleadings are considered, the Rule 12(b)(6)

motion is treated as one for summary judgment.  See Keams v.

Tempe Tech. Inst., Inc., 110 F.3d 44, 46 (9th Cir. 1997);

Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996).  However,

courts may "consider certain materials--documents attached to the

complaint, documents incorporated by reference in the complaint,

or matters of judicial notice--without converting the motion to

dismiss into a motion for summary judgment."  United States v.

Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).  Documents whose

contents are alleged in a complaint and whose authenticity is not

questioned by any party may also be considered in ruling on a

Rule 12(b)(6) motion to dismiss.  See Branch v. Tunnell, 14 F.3d

449, 453-54 (9th Cir. 1994).  The court therefore cannot consider

most of the documents belatedly submitted by Taylor with her

Opposition of December 15, 2015.[1]

---

[1]In future filings, Taylor should refrain from
submitting stacks of documents.  The court has no independent
duty to scour such a submission to glean from it any factual
proposition.  Instead, Taylor should submit only relevant pages
and also explain in a filing what the documents purport to
demonstrate.  Taylor is also cautioned that a motion to dismiss
decided under Rule 12(b)(6) of the Federal Rules of Civil
Procedure turns on the sufficiency of a complaint, without regard
to materials outside of the complaint that may be relevant at
other stages of a lawsuit.

On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.  Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996).  However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss.  Sprewell, 266 F.3d at 988; Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996). Additionally, the court need not accept as true allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. Sprewell, 266 F.3d at 988.

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory.  Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988) (citing Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984)).

"[T]o survive a Rule 12(b)(6) motion to dismiss, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted); accord Ashcroft v. Iqbal, 556 U.S. 662,

7

678 (2009) ("the pleading standard Rule 8 announces does not
require 'detailed factual allegations,' but it demands more than
an unadorned, the-defendant-unlawfully-harmed-me accusation").
"While a complaint attacked by a Rule 12(b)(6) motion to dismiss
does not need detailed factual allegations, a plaintiff's
obligation to provide the 'grounds' of his 'entitlement to
relief' requires more than labels and conclusions, and a
formulaic recitation of the elements of a cause of action will
not do." Twombly, 550 U.S. at 555.  The complaint must "state a
claim to relief that is plausible on its face." Id. at 570.  "A
claim has facial plausibility when the plaintiff pleads factual
content that allows the court to draw the reasonable inference
that the defendant is liable for the misconduct alleged." Iqbal,
556 U.S. at 677.

IV.      **ANALYSIS.**

> A.  **This Judge Declines to Recuse Herself From This
> Action.**

As an initial matter, because Taylor names the United
States District Court as a Defendant, this judge examines whether
she must recuse herself from the case.  Under the current
circumstances, this judge declines to do so.

A judge has "as strong a duty to sit when there is no
legitimate reason to recuse as he does to recuse when the law and
facts require." Clemens v. U.S. Dist. Court for the Cent. Dist.
Of Cal., 428 F.3d 1175, 1179 (9th Cir. 2005) (quoting Nichols v.

8

<u>Alley</u>, 71 F.3d 347, 351 (10th Cir. 1995)).  However, there are situations requiring a judge to recuse himself or herself.

Under 28 U.S.C. § 144, a judge must recuse herself when a party to a district court proceeding "files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144.  The standard for recusal under § 144 is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  <u>United States v. Studley</u>, 783 F.2d 934, 939 (9th Cir. 1986) (citations omitted). Because no affidavit has been filed, § 144 is inapplicable.

Accordingly, this judge examines her obligation to recuse herself under 28 U.S.C. § 455(a), which provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).

> 28 U.S.C. § 455 requires recusal where a judge's impartiality might reasonably be questioned or where he has personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.  Recusal is also required where the judge knows he has a fiduciary interest in the subject matter in controversy or in a party to the proceedings, or any other interest that could substantially affect the outcome of the proceedings.  28 U.S.C. § 455(b)(4).

9

Hanson v. Palehua Cmty. Ass'n, 2013 WL 1187948 (D. Haw. Mar. 20, 2013).

Any claim against the United States District Court for the District of Hawaii is tenuous at best.  Taylor, who explains that she is disabled, alleges that she "was prevented electronic communication with my courts" and was denied the same electronic communication that other parties represented by attorneys had. See ECF No. 1, PageID # 2.  Taylor complains that, while opposing counsel received court orders through the CM/ECF system, she received the documents through the United States Postal Service. Id.  Taylor says that this is disability discrimination, although she does not specifically identify any statute or regulation the court might have violated.  Id.

Taylor might be asserting a disparate treatment claim under 42 U.S.C. § 12182(a), which states:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

She might also be asserting her claim under section 489-3 of Hawaii Revised Statutes, which states:

> Unfair discriminatory practices which deny, or attempt to deny a person the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public

accommodation on the basis of race, sex,
color, religion, ancestry, or disability are
prohibited.

Because Taylor's untimely Opposition to the motions provides no

clarity on this point, the court cannot determine whether either

of these provisions is the statute at issue or whether Taylor

might be proceeding under some other statute.  Nevertheless, in

any case of discrimination, absent direct evidence of

discrimination, Taylor would have to proceed using circumstantial

evidence of discrimination.  See Raytheon Co. v. Hernandez, 540

U.S. 44, 51-55 (2003) (applying burden shifting framework set

forth for Title VII cases in McDonnell Douglas Corp. v. Green,

411 U.S. 792, 802 (1973) to disparate treatment claim asserted

under ADA provision in 42 U.S.C. § 12112(a)).

Taylor's Complaint does not refer to any direct

evidence of discrimination, and if she intends to prove her case

with circumstantial evidence, she must at some point identify a

similarly situated nondisabled individual who was treated more

favorably than she was.  At this point, the record lacks factual

allegations supporting such a circumstance.  At most, Taylor

alleges that attorneys were allowed to use the court's CM/ECF

system, while she was not allowed to do so.  But that allegation

does not involve similarly situated individuals.  To use the

court's CM/ECF system, attorneys must register and take a

training course.  See Local Rule 100.4.1 to 100.4.4.  Pro se

parties "may not utilize electronic filing without leave of court, which decision rests in the discretion of the assigned district or magistrate judge."  Local Rule 100.2.2(1).  Taylor does not allege that she even asked to use the CM/ECF system.

Taylor did submit a motion to Judge Watson on February 25, 2015, via fax or e-mail.  Judge Watson allowed that motion to be filed, but told Taylor to refrain from sending in motions electronically in the future.  Taylor filed no further documents before that case was remanded.  Nor did Taylor file objections to the Findings and Recommendation to remand that case.  The Complaint and docket lack any indication that Taylor asked for any reasonable accommodation to file any objection.

The record in the present action is similarly devoid of any request to use the CM/ECF system.  Under these circumstances, Taylor fails to allege facts supporting her discrimination claim against the court.

Had Taylor alleged facts that supported a possibly viable claim against this court, this judge would recuse herself from the case.  Taylor's failure to allege a viable claim causes this judge to decline to recuse herself at this time.  To proceed otherwise would delay this case by forcing the court to bring in a visiting judge.  Because no reasonable judge would consider Taylor's claim against the United States District Court for the District of Hawaii to be viable in its present form, it makes no

sense for this judge to recuse at this time.  Should Taylor amend

her Complaint to assert a potentially viable claim against the

United States District Court for the District of Hawaii, this

judge will reevaluate the recusal decision.

> **B.   The Motions to Dismiss and Substantive Joinders Therein Are Granted.**

Having examined the Complaint's allegations, this court

determines that the Complaint lacks the factual allegations

needed to support any claim against any Defendant.  The Complaint

presents only the very types of allegations that the Supreme

Court has cautioned are insufficient--"unadorned,

the-defendant-unlawfully-harmed-me accusation[s]."  See Iqbal,

556 U.S. at 678.  Accordingly, the court dismisses the Complaint.

In so ruling, the court has considered Taylor's untimely

Opposition of December 15, 2015.

> **1.   The Claims Against the State Defendants Are Dismissed.**

The court begins its analysis of the motions and

joinders with an examination of Taylor's claims against the

state-court Defendants, which include the State of Hawaii, Judge

Hara of the Third Circuit Court, and an unidentified ADA

coordinator.  The Complaint lacks factual allegations with

respect to what any of these Defendants specifically did to harm

Taylor.  For example, the Complaint alleges that Judge Hara

granted Taylor a continuance.  See ECF No. 1, PageID # 2.

Without more, this allegation fails to state a claim against

13

Judge Hara.  The court therefore does not reach the issue of whether Judge Hara has absolute judicial immunity for claims arising out of decisions he made as a judge.  See Mireles v. Waco, 502 U.S. 9, 11 (1991).

The Complaint implies that an unidentified ADA coordinator may have told Taylor that she could not communicate with the ADA coordinator via e-mail.  See ECF No. 1, PageID # 2. In the same sentence, Taylor complains that opposing counsel refused to permit her to communicate by e-mail.  Id.  But Taylor identifies no authority suggesting she has a right to communicate with the ADA coordinator or opposing counsel via e-mail.  Taylor does not allege that she suffered disparate treatment because other, nondisabled individuals were allowed to have e-mail communication with them.  Nor does she assert that the ADA coordinator should have reasonably accommodated her disability by allowing such communication.  The court is not ruling here that Taylor has no right to reasonable accommodation.  The court is simply noting that Taylor's Complaint lacks factual allegations supporting any identifiable claim against the ADA coordinator. The court therefore does not reach the issue of whether the ADA coordinator has quasi-judicial immunity from any claim.

The Complaint alleges that the state court possibly prevented Taylor from communicating with the court via e-mail. See ECF No. 1, PageID # 2.  It appears that the State of Hawaii

14

may have been named as a Defendant as part of Taylor's naming of the state court.  Id.  But Taylor does not allege that any other party is allowed to have such electronic communication with the state court.  Taylor thus fails to allege disparate treatment discrimination.  To the extent Taylor might be asserting a claim of failure to accommodate her disability, such a claim is not pled because she fails to allege that she even asked for such an accommodation or informed the state court of any inability or difficulty concerning filing things in paper form.

The court notes that Defendants affiliated with the State have asked this court to abstain from exercising jurisdiction over Taylor's claims under the principles set forth in Younger v. Harris, 401 U.S. 37 (1971)l; Gilbertson v. Albright, 381 F.3d 965, 970 (9th Cir. 2004) (en banc).  Younger abstention is required when four requirements are satisfied:

> (1) a state-initiated proceeding is ongoing;
> (2) the proceeding implicates important state
> interests; (3) the federal plaintiff is not
> barred from litigating federal constitutional
> issues in the state proceeding; and (4) the
> federal court action would enjoin the
> proceeding or have the practical effect of
> doing so, i.e., would interfere with the
> state proceeding in a way that Younger
> disapproves.

San Jose Silicon Valley Chamber of Commerce Pol. Action Comm. v. City of San Jose, 546 F.3d 1087, 1092 (9th Cir. 2008).  Because the Complaint does not appear to be challenging anything at issue in the ongoing state-court proceedings, the court cannot say from

15

the present record that <u>Younger</u> abstention is appropriate.  At most, Taylor might be complaining about an inability to file documents electronically in state court.  However, with no claim adequately pled, the court cannot determine what Taylor is seeking through the Complaint in the present action.

In Taylor's Opposition of December 15, 2015, she asks the court to enjoin the state court from proceeding for at least 90 days from when she receives transcripts and/or CDs of hearings.  Because the Complaint is being dismissed, the court denies that request.  The court notes that the requested relief is the very interference with state-court proceedings that <u>Younger</u> counsels against.  If Taylor desires such relief, she should seek it from the state court.

Similarly, because the Complaint does not appear to be asking for money damages and instead appears limited to seeking prospective injunctive relief to "restrain Defendants from Disability Discrimination," <u>see</u> ECF No. 1, PageID # 4, Eleventh Amendment immunity appears inapplicable at this time.  <u>See</u> <u>Douglas v. California Dep't of Youth Auth.</u>, 271 F.3d 812, 818, as amended by 271 F.3d 910, (9th Cir. 2001).  This court cannot, however, actually determine the applicability of the Eleventh Amendment at this time given the inadequate pleading.

Because no viable claim is asserted against Defendants affiliated with the State, their Motion to Dismiss, ECF No. 7, is granted.

**2.     The Claims Against the Bank Defendants Are Dismissed.**

Taylor's Complaint's caption lists as Defendants Wells Fargo, NA, aka America's Servicing Company and aka Assurant Specialty Property, and US Bank National Association as Trustee for Structured Asset Securities Corporation Mortgage Pass-through Certificate, Series 2006-NC1 (collectively, "Bank Defendants"). The allegations in the Complaint fail to assert viable claims against the Bank Defendants.  As with the other Defendants, the Complaint lacks factual detail supporting identifiable claims. The Complaint accuses the bank of leaving Taylor "without power or security during a state of emergency" but does not describe sufficiently what any Bank Defendant did in that regard or what duty, contract, or law was violated.

It is not clear whether Taylor is attempting to challenge the bank's right to foreclose on her mortgage in the state-court action or challenging the procedures employed by the state court.  The Complaint mentions ownership of the loan and predatory lending, but does not allege sufficient factual detail to support a viable claim.  This court therefore need not determine at this time whether <u>Younger</u> abstention is appropriate.

17

In a letter dated July 7, 2015, and attached to the Complaint, ECF No. 1-8, PageID # 19, a claims adjuster for Assurant Specialty Property Claims informed Taylor that a supplemental payment of $6,895.76 was being issued to its insured, "AMERICAS SERVICING CO," due to "windstorm."  The letter states that Taylor is an "Additional Name" on the policy.  Id. But the Complaint's allegations are insufficient to determine why Assurant might be named as a Defendant.

The Complaint does allege that an insurance adjuster came to Taylor's property but refused to look at the damage.  See ECF No. 1, PageID # 3.  The Complaint then alleges that the adjuster flew back to his office and issued a check "to themselves."  Id.  To the extent Taylor is seeking to hold the insurance company liable for breach of an insurance agreement, the Complaint fails to state a viable claim.  It does not explain what rights Taylor had to insurance proceeds or clarify whether Taylor is asserting a claim based on the insurance company's failure to properly and timely investigate her claim and pay out insurance proceeds.

The documents attached to the Complaint list Taylor as an "Additional Name," not the "insured."  Without allegations concerning Taylor's entitlement to the insurance proceeds, such as an allegation that Taylor is also an insured under the applicable insurance policy, the court cannot discern a viable

18

claim.  Because the Complaint fails to allege a viable claim

against Assurant, the court denies Taylor's request in her

Opposition that this court order Assurant to pay for the repairs

to her house.

Given Taylor's failure to assert a viable claim against

any Defendant Taylor says is associated with her lender, the

court grants the Bank Defendants' Substantive Joinder in the

Motion to Dismiss, ECF No. 12.

### 3.    The Claims Against the Attorney Defendants Are Dismissed.

Like the claims against the other Defendants, the

claims against the attorneys are not supported by factual

allegations.  Without identifying anyone in particular, Taylor

alleges that attorneys "denied" her the right to communicate via

e-mail, "battered" her with paperwork she was "unable to read,"

and opposed her attempt to obtain a jury trial.  See ECF No. 1,

PageID # 2.  She appears to be alleging that these actions

related to actions by the banks that "left [her] without power or

security during a state of emergency."  Id., PageID # 3.  But

none of these allegations supports a viable identified claim.

The source of a right to communicate by e-mail, or of a

right to be free of an opposing attorney's paperwork, is unstated

and unknown.  Because no viable claim supported by sufficient

factual allegations is alleged in the Complaint, the court grants

the attorney Defendants' motion to dismiss, ECF No. 17, and their

19

substantive joinder in the State Defendants' motion, ECF No. 7, without reaching the issue of whether <u>Younger</u> abstention applies.

Additionally, because no viable claim is asserted against the attorney Defendants, to the extent Taylor's Opposition of December 15, 2015, asks this court to enjoin them (and other agents of Wells Fargo) from harassing her at her home without an appointment is denied.  If the attorneys are doing something inappropriate with respect to the foreclosure of Taylor's mortgage, Taylor should raise that issue in the state-court foreclosure proceeding.

## V.       CONCLUSION.

Pursuant to Local Rule 7.2(d), the court rules without a hearing on the motions to dismiss and joinders therein, ECF Nos. 7, 9, 11, 12, and 17.  The court grants the motions and joinders and dismisses the Complaint without prejudice.  The court grants Taylor leave to file an Amended Complaint.  Because of Taylor's claimed disabilities, the court gives her an extended period of two months, until February 16, 2016, to file any Amended Complaint.  Should Taylor fail to timely file an Amended Complaint, this action will be automatically terminated.

The court provides Taylor with some guidance with respect to any Amended Complaint.  First, any Amended Complaint must be complete in itself; it may not incorporate by reference anything previously filed with this court or any other court.

Second, pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  This means that, with respect to each Defendant in the Amended Complaint, Taylor should describe what each Defendant did to harm her in separate, numbered paragraphs, including sufficient facts and references to legal claims to put each Defendant on notice of why he, she, or it is being sued.  For example, instead of merely saying that a particular defendant discriminated against her, Taylor should describe the facts supporting such alleged discriminatory conduct and identify the legal basis or bases for asserting a claim against the Defendant. Taylor should not base claims against one person on something that someone else did, unless the person can be said to be legally responsible for the conduct of the other.  Taylor should not simply attach voluminous documents to the Amended Complaint and expect the court and Defendants to guess what claims those documents might support.

Third, to the extent that Taylor believes that a judge may have harmed her through some ruling the judge made, Taylor should be aware that judges have absolute judicial immunity with respect to such claims.  See Mireles v. Waco, 502 U.S. 9, 11 (1991).  In other words, judges are not liable just because they

21

made certain rulings as judges, even if those rulings are wrong. A party's remedy is an appeal.

Fourth, to the extent that Taylor seeks money damages from the State of Hawaii or one of its agencies, the Eleventh Amendment, which recognizes a state's sovereign immunity, bars such a claim in this court. See Mireles v. Waco, 502 U.S. 9, 11 (1991).

Fifth, to the extent Taylor seeks to challenge something that would affect the ongoing state-court foreclosure proceedings, Taylor should consider the Supreme Court's ruling concerning courts' abstention from interfering in ongoing proceedings in state courts. See Younger v. Harris, 401 U.S. 37 (1971)l; Gilbertson v. Albright, 381 F.3d 965, 970 (9th Cir. 2004) (en banc).

The court gathers from Taylor's submissions that communicating by United States mail presents physical difficulties for her. The court therefore permits Taylor to submit documents for filing by e-mail attachment sent to mollway_orders@hid.uscourts.gov. To be allowed to communicate electronically with the court, a litigant must first receive permission from the judge assigned to a case. See Local Rule 100.2.2(1). While Taylor is allowed to file documents via e-mail in this case, she must separately receive permission to do so in any other case in this court. E-mail may not be used by Taylor

22

to engage in off-the-record or one-sided communication with the court. E-mail should be used only to submit materials that would otherwise be mailed to the court and served on opposing counsel and that are intended to be placed in the court file for this case. Permission to submit documents via e-mail may be rescinded by this court at any time for any reason, as this court is not aware of any requirement that it allow Taylor to communicate by e-mail. The court extends this accommodation to Taylor without announcing that Taylor has any right to e-mail her filings.

Taylor may contact the opposing attorneys about serving them and being served via e-mail.

A copy of this order will be sent to Taylor via e-mail.



IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 16, 2015.

 /s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Taylor v. Leu, et al., Civil No. 15-00265 SOM/KSC; ORDER DISMISSING COMPLAINT
AND DENYING AS MOOT PLAINTIFF'S REQUEST FOR INJUNCTIONS