IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SARAH MARGARET TAYLOR, | ) | CIVIL NO. 15-00265 SOM/KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING REQUEST FOR 90- |
| | ) | DAY CONTINUANCE AND TO ALLOW |
| LESTER K LEU; ANDREW LEE; LEU | ) | PLAINTIFF TO RESUBMIT CHARTS |
| OKUDA & DOI; | ) | |
| | ) | |
| PITE DUNCAN, LLP; ANNA T. | ) | |
| VALLIENTE; DAVID E. | ) | |
| McALLESTER; | ) | |
| | ) | |
| CHRISTIAN FENTON; | ) | |
| | ) | |
| SUSAN FENTON; | ) | |
| | ) | |
| STATE OF HAWAII; THIRD | ) | |
| CIRCUIT COURT FOR THE | ) | |
| DISTRICT OF HAWAII; | ) | |
| | ) | |
| UNITED STATES DISTRICT COURT | ) | |
| FOR THE DISTRICT OF HAWAII; | ) | |
| | ) | |
| WELLS FARGO, NA, aka | ) | |
| AMERICA'S SERVICING COMPANY; | ) | |
| | ) | |
| ASSURANT SPECIALTY PROPERTY, | ) | |
| aka WELLS FARGO NA AS STORM | ) | |
| INSURER; | ) | |
| | ) | |
| US BANK NATIONAL ASSOCIATION | ) | |
| AS TRUSTEE FOR STRUCTURED | ) | |
| ASSET SECURITIES CORPORATION | ) | |
| MORTGAGE PASS-THROUGH | ) | |
| CERTIFICATE, SERIES 2006-NC1 | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DENYING REQUEST FOR 90-DAY CONTINUANCE
AND TO ALLOW PLAINTIFF TO RESUBMIT CHARTS**

**I.        INTRODUCTION.**

This case arises out of an ongoing state-court foreclosure proceeding.  On December 17, 2015, the court dismissed the original Complaint in this matter, giving Plaintiff Sarah Margaret Taylor an extended period of two months to file an Amended Complaint.  See ECF No. 23.

Taylor lives on the Big Island.  Because Taylor indicated that disabilities made it difficult for her to send materials to this court through the United States Postal Service, and because she has not been trained to use the court's electronic filing system, the court issued an order permitting Taylor to file documents with the court via e-mail sent to mollway_orders@hid.uscourts.gov.  Id.  This was a special accommodation fashioned to allow Taylor to communicate with the court, which is located on the island of Oahu.

On February 17, 2016, Taylor sent the court a series of e-mails, which the court deemed to be her Amended Complaint.  See ECF Nos. 25, 28-33.  Although Taylor appeared to include as Defendants all persons and entities having anything to do with a state-court foreclosure proceeding, she did not clearly identify who was being sued and for what.

On March 2 and 8, 2016, three motions to dismiss the Amended Complaint were filed.  See ECF Nos. 43, 44, and 47. Notices of the hearing for these motions were sent to Taylor via

the e-mail address she had earlier provided to the court, as requested by Taylor.  <u>See</u> ECF Nos. 45, 48.  Joinders to the motions were filed and set for hearing at the same time as the motions.  <u>See</u> ECF Nos. 46, 49-52.  On April 8, 2016, the court continued the hearing on the motions and joinders to June 14, 2016, at 9:00 a.m.  <u>See</u> ECF No. 54.  The court sent a copy of the continuance notice to Taylor via her e-mail address.  <u>Id.</u>

Following oral argument on June 14, 2016, the court ordered Taylor to clarify her Amended Complaint by filling out and filing a chart.  The order stated that any claim not identified in the chart would be deemed waived.  <u>See</u> Order Requiring a More Definite Statement.  ECF No. 57.  With respect to any claim identified in the chart, Taylor was ordered to include in her chart the paragraph number of the Amended Complaint in which she had given Defendants notice of the claim. <u>Id.</u>

Taylor filed her multi-page chart on July 12, 2016. <u>See</u> ECF Nos. 65-67.  Defendants were allowed to file supplemental memoranda in light of Taylor's chart no later than August 1, 2016.  Taylor had until August 19, 2016, to file a supplemental opposition memorandum.  Defendants were then allowed to file reply memoranda no later than September 1, 2016.  <u>See</u> ECF No. 57.

Two months after the court had ordered Taylor to file her chart and had given her the August 19 deadline for filing,

Taylor sent the court via e-mail the present motion, which seeks a 90-day extension of that deadline and leave to file new charts. See ECF Nos. 73-77.  The motion is denied.

**II.      ANALYSIS.**

**A.     This Judge Continues to Decline to Recuse Herself From This Action.**

In the court's order dismissing the original Complaint, the court noted that Taylor had named the United States District Court as a Defendant.  This judge therefore examined whether she had to recuse herself from the case, declining to do so.  See ECF No. 23.  The court stated:

> Because no reasonable judge would consider Taylor's claim against the United States District Court for the District of Hawaii to be viable in its present form, it makes no sense for this judge to recuse at this time. Should Taylor amend her Complaint to assert a potentially viable claim against the United States District Court for the District of Hawaii, this judge will reevaluate the recusal decision.

Id., PageID #s 650-51.

Taylor's chart includes assertions relating to this court's rulings against her.  See ECF No. 66.  Rulings against a party are generally insufficient to require recusal of a judge. See Liteky v. United States, 510 U.S. 540, 555 (1994).

Taylor does, however, appear to be trying to articulate a claim that she is being treated more unfavorably than others who can file documents with this court by placing them in an

4

after-hours "drop box."  Id.; see also ECF No. 73-1, PageID # 1257 ("My complaint against . . . USDC was for failing to have a drop box outside 3CC Hilo courthouse so we have the same rights as Oahu residents.").  That claim is frivolous and provides no reason for this judge to recuse herself.

First, this court, which operates in a courthouse on the island of Oahu, is not required to provide a "drop box" outside the state court in Hilo, on the Big Island of Hawaii. This court has no courthouse or Clerk's Office on the Big Island (or on any island other than Oahu), and there are no Clerk's Office employees to empty the box except on Oahu.  Additionally, this court has no authority over state-court employees.  The court's "drop box" outside the courthouse in Honolulu is checked by Clerk's Office employees who work in Honolulu.  The court is unaware of how it could maintain any "drop box" where it has no Clerk's Office staff to monitor the box.

Second, Taylor lacks standing to assert the claim, as she has no concrete injury relating to the lack of a "drop box" on the Big Island.  Before asserting her "drop box" claim in the chart concerning her Amended Complaint, Taylor had already received permission to file things with this court by e-mail. The court notes that it has sometimes allowed other neighbor-island parties to file things via fax when time is short.  It is simply not the case that the lack of a "drop box" in Hilo forced

Taylor to suffer any disadvantage or prejudice.  Taylor did not need to go to the post office to mail her documents to the court or to finish them ahead of the due date to allow for mailing time.  Taylor was allowed to e-mail her documents to the court. It makes no sense under these circumstances for her to complain that she (somehow) had less access to the courts or less time to meet a deadline than people on Oahu.

Finally, there is no requirement that this court have a box at all.  The box was simply an accommodation to allow parties a vehicle to file things after-hours, when the courthouse is closed.  The box was created before the court began using electronic filing, and it is conceivable that it might be removed in the future.

The court notes that Taylor also complains that this court failed to send her a copy of the June 14, 2016, order in Word format, although it did send her a copy of that order in both .pdf and WordPerfect formats.  There is no requirement that this court convert its orders to accommodate whatever word-processing program a party may be using.  This court did not create its order using Word.  This court sent Taylor an electronic copy of the WordPerfect file at issue, which the court understood might allow Taylor to cut and paste part of the order into a memorandum, instead of retyping it.  Taylor was free to convert the order, if she chose, into a Word format herself.

6

Having failed to do that herself, Taylor cannot say that this court was obligated to do that for her.

### B. The Motion for a 90-Day Continuance and to Permit Taylor to Re-Submit the Charts is Denied.

On August 22, 2016, Taylor filed a "Motion for 90 Day Continuance and to Reset Dates of Order to Make Charts." That motion is denied.

To the extent Taylor wants to redo her charts, the motion is denied because she was given adequate time to file any chart and does not now explain why she should be allowed to redo them.

To the extent Taylor requests a 90-day continuance of the deadline for her opposition memorandum (and resulting continuance of the hearing), the request is denied. The motions to dismiss in this case have been pending for over five months. Taylor knew on June 14, 2016, that she would have an opportunity to file a supplemental opposition on August 19, 2016. August 19, a Friday, was a state holiday that this court observed. Because this court was closed on August 19, Taylor had until the next working day (August 22, 2016) to file her opposition. Taylor waited until August 22, 2016, to ask for a continuance.

Taylor's motion does not justify the requested continuance. She claims to need an accommodation of more time. But Taylor has squandered the time she has had. Rather than submitting documents responsive to the court's instructions,

Taylor has submitted papers discussing irrelevant issues and evidence and presenting an inaccurate account of what has occurred in this case.  For example, Taylor claims that this court narrowed her case down to charts.  See ECF No. 73, PageID # 1250.  What the court actually did was order her to identify what her claims were and who they were asserted against.  The court gave Taylor a word limitation to force her to be more focused.  The chart requirement was simply a tool to help Taylor to explain and this court to understand what Taylor was trying to assert in her Amended Complaint.

Taylor has used some of the time before her deadline to allege that she is being treated differently from people on Oahu because there is no after-hours "drop box" in Hilo.  The record clearly reflects that Taylor was allowed to submit materials via e-mail so she would not even have to walk to the corner of her property, let alone go to a courthouse, post office, or "drop box."

Taylor also says she needed to have the June 14 hearing continued because she was unprepared on that date.  See id., PageID # 1251.  In fact, the court did continue the hearing on the motions until September 12, 2016.

To the extent Taylor asks the court to enjoin harassment by various Defendants, the court declines to do so on

the present record, as Taylor has not demonstrated the right to or need for such an injunction.

**III.      CONCLUSION.**

The court denies both Taylor's request for a 90-day continuance of her opposition deadline and her request to redo her charts.

The court deems Taylor's filing on August 22, 2016, to be her supplemental opposition to the motions to dismiss. **Until the court rules on the motions to dismiss set for hearing on September 12, 2016, Taylor shall not file anything else with respect to the motions or her chart.  If Taylor files anything else with respect to the motions to dismiss or her chart, those filings will be disregarded.**

As set forth in the court's earlier order, Defendants may file supplemental reply memoranda with respect to the motions to dismiss and joinders therein no later than September 1, 2016.

The court reserves the right to rule on the motions and joinders without a hearing pursuant to Local Rule 7.2(d).

9

A copy of this order will be sent to Taylor via e-mail.



IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 24, 2016.


 /s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge


Taylor v. Leu, et al., Civil No. 15-00265 SOM/KSC; ORDER DENYING REQUEST FOR 90-DAY CONTINUANCE AND TO ALLOW PLAINTIFF TO RESUBMIT CHARTS