IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SARAH MARGARET TAYLOR, | ) | CIVIL NO. 15-00265 SOM/KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER DISMISSING FEDERAL |
| | ) | QUESTION CLAIMS AND DECLINING |
| LESTER K LEU; ANDREW LEE; LEU | ) | TO EXERCISE SUPPLEMENTAL |
| OKUDA & DOI; | ) | JURISDICTION OVER REMAINING |
| | ) | STATE LAW CLAIMS |
| PITE DUNCAN, LLP; ANNA T. | ) | |
| VALLIENTE; DAVID E. | ) | |
| McALLESTER; | ) | |
| | ) | |
| CHRISTIAN FENTON; | ) | |
| | ) | |
| SUSAN FENTON; | ) | |
| | ) | |
| STATE OF HAWAII; THIRD | ) | |
| CIRCUIT COURT FOR THE | ) | |
| DISTRICT OF HAWAII; | ) | |
| | ) | |
| UNITED STATES DISTRICT COURT | ) | |
| FOR THE DISTRICT OF HAWAII; | ) | |
| | ) | |
| WELLS FARGO, NA, aka | ) | |
| AMERICA'S SERVICING COMPANY; | ) | |
| | ) | |
| ASSURANT SPECIALTY PROPERTY, | ) | |
| aka WELLS FARGO NA AS STORM | ) | |
| INSURER; | ) | |
| | ) | |
| US BANK NATIONAL ASSOCIATION | ) | |
| AS TRUSTEE FOR STRUCTURED | ) | |
| ASSET SECURITIES CORPORATION | ) | |
| MORTGAGE PASS-THROUGH | ) | |
| CERTIFICATE, SERIES 2006-NC1 | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DISMISSING FEDERAL QUESTION CLAIMS AND
DECLINING TO EXERCISE SUPPLEMENTAL
JURISDICTION OVER REMAINING STATE LAW CLAIMS**

I.        **INTRODUCTION.**

Plaintiff Sarah Margaret Taylor brings this action to complain about matters relating to a state-court foreclosure of her mortgage.  Proceeding pro se, Taylor in her Amended Complaint mentions every person or entity having anything to do with that foreclosure proceeding and includes claims against 1) her lender, Wells Fargo, N.A.; 2) her insurer, Assurant Specialty Property; 3) the lender's attorneys, Christian Fenton, Susan L. Fenton, David E. McAllester, Anna T. Valliente, and the law firm of Pite Duncan LLP, nka Aldridge Pite, LLP ("Aldridge Pite Defendants"); as well as Andrew Lee, Esq., Lester K. Leu, Esq., and the law firm of Leu Okuda & Doi ("Leu Okuda Defendants"); and 4) the state court adjudicating the ongoing foreclosure proceeding. Taylor also complains about this court, but it is not clear that she is suing this court.

Because this court could not tell from the Amended Complaint who was being sued and what claims were being asserted, the court ordered Taylor to provide a more definite statement in the form of a chart.

The Amended Complaint is before this court on federal question jurisdiction.  The court has attempted to glean from the Amended Complaint and the chart what claims Taylor may be asserting.  Taylor appears to be including the following claims in her Amended Complaint: 1) a claim against the state court in

2

Hawaii's Third Circuit for allegedly having denied Taylor reasonable accommodations in violation of the Americans With Disabilities Act and the Rehabilitation Act; 2) a claim against Wells Fargo-related entities for having allegedly violated the Fair Housing Act and the 4th and 14th Amendments of the United States Constitution; and 3) claims against the attorneys representing the foreclosing lender in state court for not stopping the 4th Amendment violation by Wells Fargo.  Although the Amended Complaint does not assert claims against this court that are supported by factual assertions, Taylor's chart complains that this court denied her reasonable accommodations in violation of the Americans With Disabilities Act and the Rehabilitation Act.  Taylor also asserts various state-law claims, including what appear to be claims of breach of insurance contract, invasion of privacy, trespass, fraud, and unfair and deceptive practices.

This court dismisses the federal claims asserted in the Amended Complaint and declines to exercise supplemental jurisdiction over the remaining state-law claims.  Although the court would normally give a pro se plaintiff a chance to file a second amended complaint, the court declines to do so in this case, as Taylor has demonstrated through the proceedings in this case the futility of allowing such an amendment.

II.        **BACKGROUND FACTS.**

The court takes judicial notice of the proceeding and pleadings in the related state-court foreclosure case, as requested by the Aldridge Pite Defendants.  ECF No. 70-1.  On July 31, 2014, U.S. Bank National filed a complaint seeking foreclosure of Taylor's mortgage.  The state-court foreclosure proceedings are still ongoing on the Island of Hawaii (or "Big Island"), a plane ride away from Oahu, where the federal court is located.   See 3CC 14-1-000289, ECF No. 7, PageID #s 1117-24.  See 3CC 14-1-000289, ECF No. 7-3, PageID # 154.

On July 14, 2015, Taylor filed the present action, naming as Defendants the lender foreclosing on her mortgage in state court, the attorneys representing the lender, the State of Hawaii, the Third Circuit Court for the State of Hawaii, and this court.  See ECF No. 1.  In the original Complaint's caption, Taylor also listed "Assurant Specialty Property aka (WELLS) WELLS FARGO, NA AS STORM INSURER," as a party, but it was not clear from the Complaint whether Taylor was asserting a claim directly against Assurant or against Wells Fargo as Assurant's purported designee, principal, or agent.  Id.

On December 17, 2015, the court dismissed the Complaint, giving Taylor leave to file an amended complaint and allowing her to file her documents via e-mail given her assertion

4

that she had difficulty picking up or sending material through the United States mail.  See ECF No. 23.

On February 17, 2016, Taylor sent five e-mails to the court attaching documents that, in combination, the court deemed to be her Amended Complaint.  See ECF Nos. 25, 28-31.

Wells Fargo, the State Defendants (the State of Hawaii and the Third Circuit Court), and the Aldridge Pite Defendants filed motions to dismiss.  See ECF Nos. 43, 44, and 47.  Joinders in the motions to dismiss have been filed by Wells Fargo and the Leu Okuda Defendants.  ECF Nos. 46, 49, and 51.

On June 14, 2016, the court began a hearing on the motions to dismiss and joinders therein.  Taylor had been sent a notice of the hearing via e-mail, as she had requested.  See ECF No. 54 (text-only document stating that the hearing on the motions and joinder was continued to June 14, 2016, at 9:00 a.m.).  While Taylor is not registered with this court's ECF system, the e-mail, had it been opened, would have made the content of the text-only document immediately visible to Taylor. The notice did not include any e-mail attachment or any other material accessible only to ECF registrants.  Thus, Taylor should have known about the hearing, which the court had said she could attend by telephone.  Nevertheless, Taylor seemed surprised when the court called her to begin the hearing.  The court allowed Taylor to speak at the hearing and then continued the hearing to

allow Taylor to clarify her claims and to allow the parties to submit supplemental briefing in light of any clarification by Taylor.  See ECF No. 58.

Because the Amended Complaint did not clearly identify who was being named as a Defendant and what claims were being asserted, the court ordered Taylor to file a more definite statement in the form of a chart.  See ECF No. 57.  To aid Taylor in describing her claims in a manner that would put Defendants on notice of what was being asserted against them, the court prepared the chart form and ordered Taylor to describe her claims by filling out the chart.  Taylor was to identify what claims were being asserted and to explain the factual basis of any claim in 25 words or less.  Taylor was also ordered to identify the paragraph number in the Amended Complaint in which the claim was asserted.  See id.  Taylor was told, "Any claim not identified in the chart shall be deemed waived, and any Defendant not listed in the left-hand column shall be deemed to not be a party in this lawsuit."  Id., PageID # 1025.

On July 12, 2016, Taylor filed her chart of claims. See ECF Nos. 65-67.  Taylor's chart does little to clarify her claims and fails to tie any claim to a paragraph in the Amended Complaint.  Id.

6

III.        **RULE 12(b)(6) STANDARD.**

The court set forth the standard governing motions under Rule 12(b)(6) of the Federal Rules of Civil Procedure in its order of December 17, 2015. <u>See</u> ECF No. 23, PageID #s 643-46. That standard is incorporated herein by reference.

IV.        **ANALYSIS.**

A.        **This Judge Continues to Decline to Recuse Herself From This Action.**

In its order of August 24, 2016, this judge determined that she need not recuse herself from this matter. <u>See</u> ECF No. 78, PageID #s 1309-12. The court incorporates by reference that determination and the analysis supporting it, noting that the Amended Complaint lacks factual assertions concerning what the United States District Court for the District of Hawaii may have done to harm Taylor. At most, the Amended Complaint's ad damnum clause asks that the court give Taylor transcripts of all hearings and "Promogulate the ADAAA and 'Borrow and ADOPT' Washington state guides for accommodating people with disabilities in courts." ECF No. 33, PageID # 879. That request is more akin to a motion than a claim against this court. It thus does not appear that the United States District Court for the District of Hawaii is actually named as a Defendant in the Amended Complaint.

Despite the lack of any claim against this court in the Amended Complaint, Taylor's chart lists the United States

7

District Court for the District of Hawaii as if this court is a party to this action, having allegedly violated the Americans With Disabilities Act ("ADA") and the Rehabilitation Act ("RA"). See ECF No. 66.  As discussed in the court's order of August 24, 2016, any disability discrimination claim against this court under the ADA or RA is frivolous.  See ECF No. 78, PageID # 1310.

Taylor may be attempting to proceed against this court under Title II of the ADA and § 504 of the RA, which prohibit discrimination on the basis of disability.

Title II of the ADA provides:

> Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132.  Section 504 of the RA provides:

> No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . .

29 U.S.C. § 794(a).

Taylor's Amended Complaint and chart do not allege facts supporting a viable claim against this court of disability discrimination.  For example, Taylor says that she and other

8

people living on the Big Island are being denied equal access to this court in violation of the ADA and the RA because the federal court provides no drop box at the state courthouse on the Big Island of Hawaii for after-hours submission by litigants of federal court filings.  As discussed in this court's order of August 24, 2016, there is no requirement that this court maintain an after-hours drop box.  If a pro se party living on the Big Island needs to file matters with this court after hours, that party may use the mail or request leave to submit documents via fax or e-mail.  In fact, Taylor has been permitted to file documents via e-mail given disabilities she describes.  This court made that special accommodation as soon as it realized that Taylor was claiming a need for it.  In the face of that accommodation, Taylor could not be injured by the lack of a drop box on the Big Island.

Taylor does not allege that she paid for expedited shipping to file a document with this court, or that she was forced to take any other action because of the lack of a drop box.  Nor was she robbed of any time to prepare a document that a drop box might have afforded her.  She was given leave to submit her filings by e-mail.  Because Taylor cannot have been harmed by the lack of a drop box on an island where this court has no courthouse and no Clerk's Office staff to monitor the box, Taylor lacks a concrete injury giving her standing to assert a

disability discrimination claim relating to the lack of a drop box.  <u>See</u> <u>Spokeo, Inc. v. Robins</u>, 136 S. Ct. 1540, 1547 (2016). Taylor also lacks standing to assert claims on behalf of other people living on the Big Island.  <u>See</u> <u>Patee v. Pac. Nw. Bell Tel. Co.</u>, 803 F.2d 476, 478–79 (9th Cir. 1986) (employees lack standing to bring claims based on discrimination against others).

Taylor's chart also indicates that this court is discriminating against her by not rescheduling hearings to a time when she is physically able to participate.  <u>See</u> ECF No. 66, PageID # 1070.  But Taylor does not allege facts supporting the claim.  Her chart does not, for example, even assert that she ever requested that a particular hearing be rescheduled in light of a disability.  At most, this court gleans from the record that Taylor was surprised when the court called her with respect to the hearing on the motions to dismiss on June 14, 2016.  <u>See</u> ECF No. 58.  Because this court continued that hearing to allow supplemental briefing, any claim that this court did not accommodate a reasonable request for a different hearing date and time is frivolous and does not require this judge to recuse herself.

To the extent Taylor's chart complains of this court's "partiality" because the court has ruled against her, Taylor's remedy is to appeal this court's decisions.  Rulings against a

party are generally insufficient to require recusal of a judge.
See Liteky v. United States, 510 U.S. 540, 555 (1994).

No reasonable judge would consider Taylor's filings to be stating a cognizable claim against the United States District Court for the District of Hawaii.  It therefore makes no sense for this judge or her colleagues in this district to recuse and to request that a visiting judge fly to this district to preside over this case.

### B.   The Court Dismisses the Federal Question Claims.

Federal courts are courts of limited jurisdiction; they may only consider claims raising federal questions or satisfying diversity requirements.  See 28 U.S.C. §§ 1331-32.  A federal question claim is one "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Diversity exists when the "matter in controversy exceeds the sum or value of $75,000" and is between "citizens of different States."  28 U.S.C. § 1332.  A person is considered a citizen of the state in which he or she is domiciled, meaning the state in which he or she resides with the intent to remain or to return.  See Kantor v. Warner-Lamvert Co., 265 F.3d 853, 857 (9th Cir. 2001).

Because Taylor appears to be a citizen of Hawaii and is naming as Defendants the State Defendants and individuals who appear to be citizens of Hawaii, there is a lack of diversity jurisdiction.  See 28 U.S.C. § 1332.  This court can therefore

have subject matter jurisdiction only as a matter of federal question jurisdiction under 28 U.S.C. § 1331.  This court has done its best to discern from the Amended Complaint and the chart what claims Taylor is asserting.  Taylor appears to be asserting the following federal claims: 1) the Third Circuit Court and possibly this court have denied her reasonable accommodations as required by the ADA and RA; 2) Wells Fargo has violated the Fair Housing Act and the 4th and 14th Amendments of the United States Constitution; and 3) the lender's attorneys are somehow responsible for the 4th Amendment violation by Wells Fargo.

> 1.    **The ADA and RA Claims Asserted Against the State Defendants (and Possibly This Court) Are Dismissed.**

Taylor claims that the Third Circuit Court and possibly this court violated the ADA and the RA.  Although Taylor does not identify any specific section of the ADA and RA that she believes was violated, it appears that she is asserting claims under Title II of the ADA and § 504 of the RA.  To establish a violation of Title II of the ADA, Taylor must demonstrate that "(1) she is a qualified individual with a disability; (2) she was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities, and (3) such exclusion or discrimination was by reason of her disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002).  To establish a violation of § 504 of the RA, Taylor "must

show that (1) she is handicapped within the meaning of the RA; (2) she is otherwise qualified for the benefit or services sought; (3) she was denied the benefit or services solely by reason of her handicap; and (4) the program providing the benefit or services receives federal financial assistance." Id.

As described above, Taylor does not have standing to maintain her discrimination claims against this court. For that reason, to the extent Taylor may be attempting to assert a claim against this court under the ADA or the RA even though her Amended Complaint includes no such claim, the claim is dismissed.

Taylor's Amended Complaint does not name any State Defendant in its caption or clearly articulate a claim against the State Defendants supported by factual allegations. For example, the Amended Complaint states in paragraph 8, "I motion USDC to order 33C to PERFORM and deliver to me without charge, this readily achievable accommodations electronic and transcript so that I am able to participate equally." ECF No. 33, PageID # 871. The Amended Complaint's ad damnum clause asks this court to order the Third Circuit Court to provide Taylor with copies of transcripts of all hearings and "to Promulgate the ADAAA and 'Borrow and ADOPT' Washington state guides for accommodating people with disabilities in courts." Id., PageID # 879.

Taylor's chart of her claims against the State Defendants does not clarify her discrimination claim with respect to the State Defendants. Instead, it complains that the Third

Circuit Court is partial to the foreclosing parties and its attorneys in Taylor's foreclosure proceedings.  See ECF No. 66, PageID # 1062.  It also reiterates her request for transcripts and complains that the state court's decisions denied her redress.  Id., PageID # 1063; ECF No. 67, PageID # 1077.  The Amended Complaint seeks an order requiring the Third Circuit Court to provide reasonable accommodations with respect to Taylor's disabilities, presumably under Title II of the ADA.

This court takes judicial notice that the state court denied without prejudice Taylor's requested reasonable accommodations with respect to her disabilities because Taylor had not substantiated the extent of her disabilities.  See Court Minutes, July 15, 2015, ECF No. 70-2, PageID #s 1169-74.  Moreover, it appears that the state court actually provided Taylor with an accommodation with respect to the hearing on the requested accommodations, as Taylor was allowed to appear by telephone at the hearing.  See id., PageID # 1172 ("SCREAMING BY DEFT. [Taylor])  COURT - YOU ARE SCREAMING OVER THE PHONE.").

Final Judgment has, to this court's knowledge, not been entered in the action in state court, and an order by this court directed to how the state court is conducting ongoing litigation would be not only an unwarranted intrusion by this court, it would mean that two courts are reviewing the same issue.  The state court has already proceeded further than this court on the

14

issue of the state court's accommodation of Taylor's disabilities.  Either under Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976), and Moses H. Cone Memorial Hosp. v. Mercury Construction Corporation, 460 U.S. 1 (1983), or under Younger v. Harris, 401 U.S. 37 (1971), and Gilbertson v. Albright, 381 F.3d 965, 970 (9th Cir. 2004) (en banc), this court abstains from addressing the disability issue already before the state court.

Even if the state court has completed its consideration of Taylor's complaint regarding the state court's reaction to her alleged disabilities, this court will not sit as an appellate court over that decision and, in fact, lacks jurisdiction to act in that capacity.  See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-86 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923).  If Taylor believes that the Third Circuit Court made the wrong decision or was biased against her, Taylor's remedy is to appeal through the Hawaii's appellate court system.  This court therefore dismisses Taylor's claims under the ADA and RA and any other claim seeking relief from rulings by the Third Circuit Court.

To the extent Taylor's ad damnum clause asks this court to "ORDER Third Circuit Court to close its case by DEFENDANTS against me," the court abstains under the principles set forth in

<u>Younger</u> and <u>Gilbertson</u>.   <u>Younger</u> abstention is required when four requirements are satisfied:

> (1) a state-initiated proceeding is ongoing;
> (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that Younger disapproves.

<u>San Jose Silicon Valley Chamber of Commerce Pol. Action Comm. v. City of San Jose</u>, 546 F.3d 1087, 1092 (9th Cir. 2008).

No other viable claim is asserted against the State Defendants.  For example, although Taylor's chart indicates that the state court did not reasonably accommodate a request to hold court hearings when Taylor is physically able to participate, <u>see</u> ECF No. 66, PageID # 1070, no facts are alleged supporting such a claim.  The Complaint and chart present only the very types of allegations that the Supreme Court has cautioned are insufficient--"unadorned, the-defendant-unlawfully- harmed-me accusation[s]."  <u>See</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).

Accordingly, to the extent the State Defendants seek dismissal of the claims against them, including the disability discrimination claim under the Americans With Disabilities Act, the motion is granted.

> **2.   The Federal Claims Against the Bank Defendants and Law Firm Defendants Are Dismissed.**

The Amended Complaint, as clarified by the chart, asserts claims against 1) Taylor's lender, Wells Fargo, 2) Wells Fargo's servicing company, America's Servicing Company, and 3) Taylor's insurance company, Assurant Specialty Property, which Taylor appears to believe is part of or controlled by Wells Fargo (collectively, "Bank Defendants").  The Amended Complaint asserts claims against the Bank Defendants for violations the Fair Housing Act and the 4th and 14th Amendments of the United States Constitution, in addition to various state-law claims.  The allegations in the Complaint fail to assert viable federal question claims against the Bank Defendants.  Accordingly, the court grants the Bank Defendants' motion to dismiss, ECF No. 43, to the extent it seeks dismissal of the federal question claims asserted against the Bank Defendants.

Neither the Amended Complaint nor the chart identifies the specific section of the Fair Housing Act at issue.  It appears that Taylor is attempting to assert a claim against the Bank Defendants for a violation of 42 U.S.C. § 3605(a), as paragraph 24 of the Amended Complaint mentions that section in the context of quoting from what appears to be another case.  In relevant part, § 3605(a) prohibits discrimination in residential real estate transactions because of a person's "race, color,

17

religion, sex, handicap, familial status, or national origin."
Neither the Amended Complaint nor the chart alleges any facts
supporting a discrimination claim under § 3605(a).  The Amended
Complaint generally refers to Wells Fargo as having treated
"blacks like 'mud people.'"  See ECF No. 33, PageID # 873.  It
also refers to New Century Mortgage's "predatory lending scheme
on people of color."  Id., PageID # 874.  But the Amended
Complaint and chart do not allege that the Bank Defendants took
any action against Taylor because of her race or her
disabilities.  They do not allege, for example, that Taylor
herself suffered because of her race or her disabilities.  The
Bank Defendants are given no notice of what actions of theirs
Taylor is relying on in alleging any Fair Housing Act violation.
Under these circumstances, no viable Fair Housing Act claim is
asserted against the Bank Defendants.

       To the extent Taylor is claiming that the Bank
Defendants violated her 4th and 14th Amendment rights, no viable
claim is asserted.  "The United States Constitution protects
individual rights only from government action, not from private
action."  Single Moms, Inc. v. Montana Power Co., 331 F.3d 743,
746 (9th Cir. 2003).  No facts are alleged supporting an
inference that the Bank Defendants' actions may be fairly treated
as government action.  Accordingly, no viable claim against the

Bank Defendants is asserted based on alleged violations of the 4th and 14th Amendments.

For the same reason, this court dismisses any claim against the Law Firm Defendants based on their own alleged violations of Taylor's constitutional rights or for their alleged failure to stop the Bank Defendants from violating Taylor's 4th Amendment rights, see ECF No. 33, PageID # 878.  In short, the court grants the Aldrich Pite Defendants' motion to dismiss and Leu Okuda Defendants' substantive joinder therein to the extent they seek dismissal of the federal question claims asserted in the Amended Complaint.  See ECF Nos. 47 and 49.

### C.   The Court Declines to Exercise Supplemental Jurisdiction Over the Remaining State-law Claims.

Supplemental jurisdiction over state claims exists when a federal claim is sufficiently substantial to confer federal jurisdiction, and there is "a common nucleus of operative fact between the state and federal claims."  Brady v. Brown, 51 F.3d 810, 816 (9th Cir. 1995) (citing Gilder v. PGA Tour, Inc., 936 F.2d 417, 421 (9th Cir. 1991)); see also 28 U.S.C. § 1367.  This court may decline to exercise supplemental jurisdiction over a state law claim if: (1) the claim raises a novel or complex issue of state law; (2) the state law claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in

19

exceptional circumstances, there are other compelling reasons for declining jurisdiction.  28 U.S.C. § 1367.

Supplemental jurisdiction is a doctrine of discretion, not of a plaintiff's right.  <u>City of Chicago v. Int'l College of Surgeons</u>, 522 U.S. 156, 172 (1997); <u>United Mine Workers of Amer. v. Gibbs</u>, 383 U.S. 715, 726 (1966); <u>Maltzman v. Friedman</u>, 103 F.3d 139 (9th Cir. 1996) ("the doctrine of supplemental jurisdiction is a flexible one, giving a district court the power to exercise supplemental jurisdiction over a claim and the discretion whether to exercise such jurisdiction").  When "the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."  <u>Gibbs</u>, 383 U.S. at 726.  Although the Supreme Court later noted that such a dismissal is not "a mandatory rule to be applied inflexibly in all cases," it also recognized that, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine--judicial economy, convenience, fairness, and comity--will point toward declining to exercise jurisdiction over the remaining state-law claims."  <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 350 n.7 (1988)

Because all of Taylor's federal claims have been dismissed, the court declines to exercise supplemental jurisdiction over her remaining state-law claims.

**V.      THE COURT DECLINES TO GRANT TAYLOR LEAVE TO FILE A SECOND AMENDED COMPLAINT.**

It is well established that, "[u]nless it is absolutely clear that no amendment can cure the defect . . . , a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).  Accord Walker v. Beard, 789 F.3d 1125, 1139 (9th Cir. 2015).  This court earlier provided such notice to Taylor and gave her leave to file what is now her Amended Complaint.  This court has liberally construed that Amended Complaint, as required by Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987). However, the futility of allowing any further amendment is clear from the record.  District courts do not abuse their discretion when they deny leave to amend if amendment would be futile, see Valero v. Bac Home Loans Servicing, LP, 2016 WL 3450204, at *1 (9th Cir. June 23, 2016), or when a plaintiff fails to cure a complaint's deficiencies despite repeated opportunities, AE ex rel. Hernandez v. Cty. of Tulare, 666 F.3d 631, 636 (9th Cir. 2012).  Here, Taylor has had more than one opportunity and has more than once demonstrated that she will not follow directions

and cure deficiencies so as to state a claim over which this court has subject matter jurisdiction.

On July 14, 2015, Plaintiff filed her original Complaint in this matter. <u>See</u> ECF No. 1. On December 17, 2015, the court dismissed the original Complaint. <u>See</u> ECF No. 23. The court reasoned that the "Complaint lacks the factual allegations needed to support any claim against any Defendant." <u>Id.</u>, PageID # 651. The court then provided Taylor with "guidance" as to how she could cure the deficiencies of the Complaint:

> First, any Amended Complaint must be complete in itself; it may not incorporate by reference anything previously filed with this court or any other court.
>
> Second, pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that, with respect to each Defendant in the Amended Complaint, Taylor should describe what each Defendant did to harm her in separate, numbered paragraphs, including sufficient facts and references to legal claims to put each Defendant on notice of why he, she, or it is being sued. For example, instead of merely saying that a particular defendant discriminated against her, Taylor should describe the facts supporting such alleged discriminatory conduct and identify the legal basis or bases for asserting a claim against the Defendant. Taylor should not base claims against one person on something that someone else did, unless the person can be said to be legally responsible for the conduct of the other. Taylor should not simply attach voluminous documents to the Amended Complaint and expect the court and Defendants to guess what claims those documents might support.

Third, to the extent that Taylor believes that a judge may have harmed her through some ruling the judge made, Taylor should be aware that judges have absolute judicial immunity with respect to such claims. See Mireles v. Waco, 502 U.S. 9, 11 (1991). In other words, judges are not liable just because they made certain rulings as judges, even if those rulings are wrong. A party's remedy is an appeal.

Fourth, to the extent that Taylor seeks money damages from the State of Hawaii or one of its agencies, the Eleventh Amendment, which recognizes a state's sovereign immunity, bars such a claim in this court. See Mireles v. Waco, 502 U.S. 9, 11 (1991).

Fifth, to the extent Taylor seeks to challenge something that would affect the ongoing state-court foreclosure proceedings, Taylor should consider the Supreme Court's ruling concerning courts' abstention from interfering in ongoing proceedings in state courts. See Younger v. Harris, 401 U.S. 37 (1971)l; Gilbertson v. Albright, 381 F.3d 965, 970 (9th Cir. 2004) (en banc).

On February 17, 2016, Taylor sent a five-part e-mail to the court that was deemed to be her Amended Complaint. See ECF Nos. 28-33. Taylor's Amended Complaint shows she paid little attention to the court's "guidance." It attached voluminous documents and failed to identify what each Defendant had allegedly done to harm Taylor.

Rather than dismiss the Amended Complaint, the court ordered Taylor to provide a more definite statement "[t]o provide Defendants and this court with notice of what claims are being

asserted and against whom."  See ECF No. 57, PageID # 1025.  It
was this court's thought that, if Taylor could fill out the form
generated by the court, she would then have set forth the claims
she was making.  To that end, the court ordered Taylor to fill
out the following:

| Name of Defendant Being Sued | Relationship to Taylor and/or to Any Other Party (e.g., Taylor's lender, lender's attorney in state court, etc.) | Type of Claim (e.g., physical injury, fraud, etc.) | Legal Basis for Claim (e.g., statute identified by name or number, common law) | Summarize Facts Alleged in Amended Complaint and Provide ECF #, PageID #, Paragraph # |
|---|---|---|---|---|
| Example 1: Jane Smith | Taylor's neighbor | Defamation | Common Law | Smith accused Taylor at public gathering of stealing Smith's car (ECF No. 1, PageID # 325, ¶ 2) |
| Example 2: David Brown | Police Officer | Use of excessive force | Violation of 4th Amendment (42 U.S.C. § 1983) | Brown tasered Taylor causing Taylor to fall to ground and suffer bruises and cuts (ECF No. 1, PageID # 425, ¶ 28) |

ECF No. 57, PageID # 1028.

The court explained:

24

> Taylor may fill out the chart using only
> keywords, not sentences.  Any summary of
> facts for a particular claim should not
> exceed 25 words (not counting ECF, PageID,
> and paragraph numbers).  In other words,
> Taylor shall not argue her claims; she is
> allowed to identify what the claims are and
> against whom they are asserted.  Taylor must
> also identify the paragraph number of the
> Amended Complaint in which she gives the
> Defendant notice of the claim being asserted.
> All references to the Amended Complaint must
> contain the ECF Number (that is, ECF No. 33),
> and PageID Number (these numbers are located
> at the top of the filed documents), as well
> as the paragraph number.

Id., PageID # 1026.

On July 12, 2016, Taylor filed her chart, but did not follow the court's guidance or directions.  See ECF Nos. 65-67. For example, Taylor lumped Defendants together.  Additionally, instead of limiting the summary of the facts to 25 words, Taylor had long descriptions of the matters raised, placing those descriptions in the sections of the chart concerning the type and legal basis for the claim.  This misplacement appears to have been an attempt to evade the 25-word limit.  Most importantly, even with the chart, Taylor did not clearly identify who was being sued and for what.  Taylor did not list paragraph numbers from the Amended Complaint.  While leaving out required information, Taylor included in the chart her description of allegedly discriminatory actions by this court (e.g., this court's failure to maintain a drop box on the Big Island). Taylor clearly does want to assert various state-law claims,

25

although she arguably does not do so with adequate clarity.  In any event, she does not clearly identify any federal claims.

Given Taylor's history of pleadings, the court does not believe that Taylor can or will even try in good faith to assert any viable federal claim.  She has not alleged any facts supporting a Fair Housing Act claim and has raised only patently noncognizable assertions concerning any other purported federal claim.  Under these circumstances, the court foresees no colorable claim.  This court would dismiss any noncolorable federal claim on which subject matter jurisdiction might be asserted.  Allowing further amendment would impose an undue burden on Defendants given Taylor's anticipated continued failure to state a federal claim.

Of course, this ruling does not prohibit Taylor from pursuing her state-law causes of action in state court, assuming they are not otherwise barred by state law.  See 28 U.S.C. § 1367(d).

## VI.        CONCLUSION.

Pursuant to Local Rule 7.2(d), this court rules without a hearing on the motions to dismiss and joinders therein. The court grants the motions and joinders to the extent they seek dismissal of the federal question claims asserted in the Amended Complaint.  The court declines to exercise supplemental jurisdiction over the remaining state-law claims.

Taylor has had multiple chances to articulate a viable claim. Giving her further leave to amend her claims would be an exercise in futility. Accordingly, the court denies leave to file another amended complaint and orders the Clerk of Court to enter judgment in favor of Defendants and to close this case.

The Clerk of Court is further ordered to send a copy of this order to Taylor via e-mail.



IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 9, 2016.


   /s/ Susan Oki Mollway  
Susan Oki Mollway
United States District Judge

Taylor v. Leu, et al., Civil No. 15-00265 SOM/KSC; ORDER DISMISSING FEDERAL QUESTION CLAIMS AND DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION OVER REMAINING STATE LAW CLAIMS

27